Re Rauchenplat.

# IN RE A. RAUCHENPLAT, Bankrupt.

### JURISDICTION—BANKRUPTCY—LOCAL LAW.

1. A state or local insolvent law is not enforceable while a national bankruptcy law is in force.
2. The proceedings known as "suspension of payments" do not constitute a proceeding under the bankruptcy law of Porto Rico. They are merely new contracts between debtor and creditors.

March 31, 1902.

*Messrs. Pettingill & Keedy* for petitioner.

*Messrs. Dexter & Hord* for creditors.

HOLT, Judge, delivered the following opinion:

Certain creditors of the bankrupt move to dismiss this proceeding for want of jurisdiction. The basis of the motion is that on January 31st, 1899, he obtained in the insular court of first instance a suspension of payments, in conformity to the Code of Commerce applicable to Porto Rico. This was after the passage of the United States bankrupt law. The proceed-

---

*Bankruptcy.* As to effect of national bankrupt law on state bankrupt and insolvent laws, see editorial note to Sturges v. Crowninshield, 4 L. ed. U. S. 529, where the authorities are presented and discussed. See also editorial note to State ex rel. Strohl v. Superior Court, 45 L. R. A. 177, on the relation of bankrupt law to assignments and insolvent proceedings under state laws.

Re Rauchenplat.

ings merely gave the bankrupt a suspension of payment of his debts for three years. He continues to administer his property; it is not *in custodia legis;* no bankruptcy is declared. A state insolvent law is not enforceable while a national bankruptcy law is in force. It is suspended,—is inoperative during the continuance of the bankrupt law,—at least so far as it conflicts. Tua v. Carriere, 117 U. S. 201, 29 L. ed. 855, 6 Sup. Ct. Rep. 565.·

It is true the local law provides that in the event the bankrupt does not comply with the terms of the suspension of payments, the creditors may proceed to bankruptcy. The act creating civil government in Porto Rico provides, however, that no local law shall remain in force if inconsistent with, or in conflict with, the laws of the United States applicable to the island. In my opinion, the proceedings which were had cannot affect the operation of the bankrupt law of the United States enacted July 1st, 1898. They can hardly be considered as constituting a proceeding under the bankrupt law of Porto Rico, but as merely a new contract with the debtor by which he had a certain length of time within which to settle his debts. If he did not do it, then he was to become insolvent or a bankrupt. The Paris treaty of peace only gave the Spaniards residing in the island the same rights in its courts as its citizens, and does not affect this question. The motion to dismiss this proceeding is, therefore, overruled.